IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH BENADO and
CHARLOTTE BENADO,

        Plaintiffs,
vs.                                                     No. CIV 12-1143 JP/LFG

THYSSENKRUPP LOGISTICS, INC.,
dba TKX Logistics and FERNANDO
FERNANDEZ,

        Defendants.

## **ORDER ON *DUCES TECUM* PRODUCTION**

THIS MATTER came before the Court on an emergency request during the course of a deposition. The Court conducted a telephonic hearing on November 12, 2013.

Plaintiffs, through counsel Richard A. Sandoval, are taking the deposition of Defendants' expert, Mr. Nelson. Mr. Sandoval contends that he served a subpoena *duces tecum* on defense counsel. Included in the subpoena *duces tecum* was the requirement that the witness produce a wide variety of information concerning materials considered in formulating his opinion. The issue in dispute concerns production of electronically stored information ("ESI").

### **Discussion**

Fed. R. Civ. P. 26(f)(3)(C) provides that at the parties' meet-and-confer conference, they are to discuss electronic information.

> Issues relating to the disclosure or production of electronically stored information, including the sources of such data, *the form in which it should be produced* (i.e., in paper or electronic form, and if electronic, how it will be made available), and the costs of such production.

Baicker-McKee, Janssen, and Corr, Federal Civil Rules Handbook, at 795 (2013 ed.) (emphasis added). When ESI is produced, it must be provided in a format that is reasonably accessible. (*See* Advisory Committee Commentary to Rule 34(a), production of documents). *See also* The Sedona Principles: Best Practices, Recommendations & Principles for Addressing Electronic Document Production. www.TheSedonaConference.org/content/MiscFiles/TSC_Princp 2nd_ed_607.pdf.

It does not appear that the parties engaged in the required discussions concerning ESI. Moreover, counsel did not discuss the form in which ESI was to be produced.

The expert witness, Mr. Nelson, provided Plaintiffs with a read-only CD disk of the requested information that could be read on a PC or laptop. Mr. Nelson's documents were produced in native files in a readable and useable format. Nelson testified that during the last two years, all of his records are maintained in electronic format and that the documents he provided as part of the subpoena *duces tecum* are in the same format as maintained in the regular course of business.

However, at Mr. Nelson's deposition, Mr. Sandoval was unable to open the disk on his laptop. Consequently, he objected to the format in which the documents were provided, contending that because he could not read the documents, he was unable to proceed with the deposition.

Mr. Sandoval concedes that the document request did not specify production in a format different than the format in which the documents are maintained in the regular course of business and admits that he did not request the documents be supplied in some other format, i.e., paper production. Thus, Mr. Nelson complied with the document request by providing the documents in the format in which he conducts business.

The Court inquired whether any other attorney or individual in the deposition room or close environs had a laptop that could be loaned to Mr. Sandoval so that he could open and read the disk. No other laptop or electronic device was available.

## Conclusion

The Court determines that the parties failed to discuss document production format at their meet-and-confer Rule 26 conference, and that Plaintiffs failed to make a request for production of ESI in some other format. Had that request been made, the Court could have ordered production in paper format although it would have imposed the conversion costs of production on the demanding party. Under these circumstances, the Court concludes that Mr. Nelson acted appropriately by producing the ESI on disk in the format in which he maintains the documents.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge